UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rick Glorvigen as trustee for the next-of-kin
of decedent James Kosak,

Civil No. 06-2661 (PAM/RLE)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

Cirrus Design Corporation and the
Estate of Gary Prokop by and through
Katherine Prokop as representative,

Defendants,

and

Thomas M. Gartland as trustee for the
next-of-kin of decedent Gary R. Prokop,

Plaintiff,

v.

Cirrus Design Corporation,

Defendant,

and

Cirrus Design Corporation,

Third-Party Plaintiff,

v.

Guy R. Havelka and John A. Hertzog,

Third-Party Defendants.

This matter is before the Court on a Motion to Substitute Party by the United States of America, a Motion to Remand to State Court by Plaintiff Thomas M. Gartland, and a Motion to Remand and to Dismiss by Plaintiff Rick Glorvigen.[1]  For the reasons that follow, the Court grants the Motion to Substitute Party but denies the Motions to Remand.

**BACKGROUND**

On January 18, 2003, a Cirrus SR-22 aircraft crashed into terrain near Hill City, Minnesota.  The pilot and owner of the aircraft, Gary Prokop, and the sole passenger, James Kosak, both died from injuries sustained in the crash.  Defendant Cirrus Design Corporation designed and manufactured the aircraft, and sold it to Gary Prokop on December 9, 2002.

Two Minnesota state court actions resulted from the crash: Glorvigen v. Cirrus Design Corporation and Gartland v. Cirrus Design Corporation.[2]  Both allege that Cirrus failed to provide Prokop with adequate ground and flight training on operations of a SR-22 in connection with his purchase of the aircraft, and that the accident would not have occurred had Prokop received the training.  In particular, the complaints claim that Cirrus omitted instruction on instrument flight rules, which would have provided Prokop with critical information and training on flying in marginal weather conditions.  Glorvigen alleges that Cirrus breached its duty to provide adequate pilot training and an implied warranty of merchantability.  It also includes a negligent piloting claim against Prokop.  Gartland asserts claims for negligence, strict products liability, and breach of warranty against Cirrus.

---

[1] Glorvigen and Gartland adopt each other's Motions.

[2] The actions were filed in Itasca County District Court as Case Nos. 31-CV-05-3673 and 31-CV-05-3047.

Although both actions were initially commenced in state court, Cirrus removed the actions to this Court in September 2005. In February 2006, the Court remanded the cases to state court, finding that the actions neither raised a disputed and substantial federal issue nor invoked the complete preemption doctrine. Thereafter, the state court consolidated the actions for discovery and trial purposes.

In May 2006, Cirrus filed a Third-Party Complaint against Guy R. Havelka and John Hertzog, two employees of the Federal Aviation Administration (FAA) Automated Flight Service Station. The third-party action alleges that the FAA employees were negligent in providing weather-related information to Prokop and seeks indemnification and contribution from each employee in the event that Cirrus is held liable.

The United States contends that the Federal Tort Claims Act (FTCA) governs the third-party action. Accordingly, in June 2006, it removed the action to this Court pursuant to 28 U.S.C. § 1446(d) and moved to substitute itself as the Third-Party Defendant pursuant to 28 U.S.C. § 2679(d)(2). Glorvigen and Gartland now move again to remand the action to state court.

## DISCUSSION

### A.   Motion to Substitute Party by the United States

Maintaining that the action falls under the ambit of the FTCA, the United States moves to dismiss the individually-named FAA employees and substitute itself as the sole third-party defendant. The FTCA provides federal district courts exclusive jurisdiction over claims based on the negligent or wrongful act of government employees while acting within

the scope of their employment.  28 U.S.C. § 1346(b)(1); <u>Anthony v. Runyon</u>, 76 F.3d 210, 212-13 (8th Cir. 1996).  If an action is commenced against individual employees rather than the United States, the Attorney General will determine whether the employees were acting within the scope of their employment when they engaged in the allegedly harmful conduct.  <u>See</u> 28 U.S.C. § 2679(d)(1).  The Attorney General may then certify that the employees were acting within the scope of their employment and that substitution of the United States as defendant is appropriate.[3]  <u>Id.</u>

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General.  . . . Such action or proceeding shall be deemed to be an action or proceeding brought against the United States . . . , and the United States shall be substituted as the party defendant.

<u>Id.</u> § 2679(d)(2).

In this case, the Director of the United States Department of Justice Civil Division Torts Branch certified that Havelka and Hertzog were acting within the scope of their employment as FAA employees when the incident occurred.[4]  The record contains no

---

[3] The certification "does not conclusively establish as correct the substitution of the United States as defendant in place of the employee."  <u>McAdams v. Reno</u>, 64 F.3d 1137, 1145 (8th Cir. 1995).  Rather, the Eighth Circuit requires "at least limited judicial review of the . . . scope of employment certification before substituting the United States as defendant." <u>Forrest City Mach. Works, Inc. v. United States</u>, 953 F.2d 1086, 1088 (8th Cir. 1992) (citation omitted).  Because the certification is prima facie evidence that the challenged conduct was within the scope of employment, a plaintiff must come forward with specific facts rebutting the certification.  <u>Id.</u>

[4] Either the Director of the Department of Justice Civil Division Torts Branch or a United States Attorney may make the statutory certification.  <u>See</u> 28 C.F.R. § 15.4(a).

contrary evidence.  Thus, the Court dismisses the third-party claims against Havelka and Hertzog and substitutes the United States as Third-Party Defendant.

**B.    Motions to Dismiss and Remand**

Glorvigen and Gartland advance several arguments in support of dismissal and remand.  First, they rely on the derivative jurisdiction doctrine to assert that the Court does not have subject matter jurisdiction over the third-party claims.  Second, they argue that the third-party claims are not ripe for review.  Third, they contend that the Third-Party Complaint is procedurally defective.  Finally and alternatively, they ask the Court to sever the third-party claims from the state law claims and remand the state law claims.

1.    <u>Subject Matter Jurisdiction</u>

Glorvigen and Gartland rely on the derivative jurisdiction doctrine to argue that the Court lacks subject matter jurisdiction over the third-party claims.  Under the judicially-created doctrine, a federal court's subject matter jurisdiction over a removed case is derivative of the jurisdiction of the state court from which the case was removed.  <u>See Lambert Run Coal Co. v. Baltimore & Ohio R.R.</u>, 258 U.S. 377, 382 (1922).  Thus, if a state court lacks subject matter jurisdiction over a claim, a federal court on removal lacks jurisdiction — even if the federal court would have jurisdiction on an identical claim originally brought in federal court.  <u>Id.</u>  Glorvigen and Gartland argue that the state court lacked subject matter jurisdiction over the third-party claims because federal courts have exclusive jurisdiction over FTCA claims.

In <u>North Dakota v. Fredericks</u>, 940 F.2d 333 (8th Cir. 1991), the Eighth Circuit Court of Appeals held that a 1985 amendment to 28 U.S.C. § 1441 entirely abolished the derivative jurisdiction doctrine.[5]   In doing so, the Eighth Circuit highly criticized the doctrine, characterizing it as "rigmarole . . . unworthy of a civilized judicial system." <u>Id.</u> at 336.  It further noted that the doctrine "owes its origin to nothing whatever in the removal statutes themselves, but rather to a formalistic conception, entirely divorced from reality, that a case originally filed in a court without jurisdiction is doomed to be a nullity forever, even after transfer to a completely different forum." <u>Id.</u> at 338.  The Eighth Circuit acknowledged that the 1985 amendment only referred to removals under § 1441.  <u>Id.</u> at 337.  Nonetheless, it applied the policy underlying the amendment to other removal statutes and "abandoned completely" the doctrine.  <u>Id.</u> at 338.

Congress amended § 1441 in 2002 by adding "under this section" to the provision. Thus, § 1441 now states: "The court to which a civil action is removed <u>under this section</u> is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action was removed did not have jurisdiction over that claim." 28 U.S.C. § 1441(f) (emphasis added).

Glorvigen and Gartland argue that the 2002 amendment renders <u>Fredericks</u> obsolete. They rely primarily on <u>Barnaby v. Quintos</u>, 410 F. Supp. 2d 142 (S.D.N.Y. 2005),[6] wherein

---

[5] The 1985 amendment provided: "The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." Judicial Improvements Act of 1985, Pub. L. 99-336, 100 Stat. 633.

[6] In <u>Barnaby</u>, a patient brought a medical malpractice action in state court against a physician and medical clinic.  410 F. Supp. 2d at 142.  The defendants filed a third-party

the district court relied on the derivative jurisdiction doctrine to dismiss a third-party FTCA claim and remand the action to state court.  In analyzing whether removal was proper, the Barnaby court determined that the 2002 amendment limited the abrogation of the derivative jurisdiction doctrine to removals under § 1441 — and not to removals under any other federal statute.  Id. at 143-44.  It further found that the 2002 amendment statutorily overruled Fredericks:

> The 2002 amendment to Section 1441, adopted eleven years after Fredericks, clearly precludes a holding that 28 U.S.C. § 1441(f) itself eliminated derivative jurisdiction for cases removed pursuant to provisions other than Section 1441. Congress specifically limited the elimination of derivative jurisdiction to cases removed under Section 1441.  Had Congress intended to abolish derivative jurisdiction altogether, it could have done so when amending Section 1441 again in 2002, but it chose to make clear that the elimination of derivative jurisdiction was limited to cases removed under Section 1441.

Id. at 146.  Ultimately, the Barnaby court held that it lacked jurisdiction to hear the third-party FTCA claims because the state court did not have jurisdiction in the first instance.  Id.

Glorvigen and Gartland rely on Barnaby and similar cases outside the Eighth Circuit to argue that Fredericks is no longer good law and that the derivative jurisdiction doctrine applies in this case.[7]

---

complaint against federal employees.  Id.  The federal employees, through the United States, invoked the FTCA to remove the case to federal court.  Id. at 142-43.

[7] They also note that scholars have concluded that the "new § 1441(f) limits the abrogation of the derivative jurisdiction doctrine to cases removed under 28 U.S.C.A. § 1441." 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3721.  Significantly, the scholars further explain that there was no apparent reason for adding the "under this section" language and criticize the additional text as "undesirable."  Id.

The Court respectfully disagrees with <u>Barnaby</u> for several reasons.  First and most importantly, this Court is bound by <u>Fredericks</u>.  In that case, the Eighth Circuit completely abandoned the derivative jurisdiction doctrine, a judicially-created doctrine, as it related to all removals — irrespective of the removal statute on which a defendant relies.  Although other courts have criticized <u>Fredericks</u>, it is still the law of the Eighth Circuit.  Second, neither the text nor the sparse legislative history of the 2002 amendment contains any indication that Congress intended to overturn the complete abandonment of the doctrine by the <u>Fredericks</u> court.  That Congress decided to statutorily abolish the doctrine in § 1441 provides no indication that Congress intended to reinstate the doctrine under § 1446 or any other removal provisions.  <u>See</u> <u>Chisom v. Roemer</u>, 501 U.S. 380, 396 n.23 (1991) (Congress's failure to discuss an issue "can be likened to the dog that did not bark" and may be probative to discern congressional intent).  Third, applying the derivative jurisdiction doctrine to removals only under § 1441 would create arbitrary inconsistencies in determinations of subject matter jurisdiction.  <u>See</u> <u>Fredericks</u>, 940 F.2d at 337 (policy underlying abrogation of derivative jurisdiction in § 1441 supports complete abandonment of derivative jurisdiction in all removed actions).  This is especially true for a removal under § 2679(d)(2), as the provision mandates removal upon certification that the defendant employee was acting within the scope of his employment when the allegedly harmful conduct occurred.  Accordingly, the Court refuses to apply the derivative jurisdiction doctrine and finds that subject matter jurisdiction exists over the third-party claims.[8]

---

[8] Even if the derivative jurisdiction doctrine applied, this Court would still have subject matter jurisdiction.  The United States removed the action under 28 U.S.C. § 2679(d)(2), which creates federal jurisdiction upon certification by the Attorney General

2.    <u>Indemnification Claim</u>

Glorvigen and Gartland argue that the Court lacks subject matter jurisdiction over the third-party indemnification claims.[9]   Under Minnesota law, indemnity "arises out of a contractual relationship, either express or implied by law, which requires one party to reimburse the other entirely." <u>Blomgren v. Marshall Mgmt. Servs., Inc.</u>, 483 N.W.2d 504, 506 (Minn. Ct. App. 1992) (internal quotations and citation omitted).   The parties agree that the Third-Party Complaint contains no allegations of an express contractual relationship between the FAA employees and Cirrus.   However, Cirrus and the United States disagree as to whether the Third-Party Complaint contains a separate basis for indemnity. <u>See generally</u> <u>Tolbert v. Gerber Indus., Inc.</u>, 255 N.W.2d 362, 367 (Minn. 1977) (discussing situations in which indemnity may exist between joint tortfeasors, including when the one seeking indemnity has only derivative or vicarious liability for damage caused by the one sought to be charged).[10]

that the defendant was acting within the scope of federal employment.  The Third Circuit, in <u>Thompson v. Wheeler</u>, 898 F.2d 406, 409 n.2 (3d Cir. 1990), found that a state court has original jurisdiction over such cases until the certification is filed.  It therefore concluded the federal court had derivative jurisdiction over an FTCA claim initially filed in state court because the "possibility that such certification might issue does not automatically divest a state court of subject matter jurisdiction.  To the contrary, in enacting section 2679, Congress anticipated that suits initially would be brought in state court." <u>Id.</u>  The reasoning of <u>Thompson</u> is persuasive and applicable to the case at hand.

[9] As an initial matter, the Court questions whether Glorvigen and Gartland have standing to dismiss the Third-Party Complaint, which was not directed against them.

[10] In particular, the United States contends that the Third-Party Complaint contains no allegations that indicate the existence of derivative or vicarious liability.  Cirrus disagrees, noting that the Third-Party Complaint alleges that the FAA employees were "negligent in providing an inaccurate and incomplete weather briefing to the pilot of the aircraft, and in violating applicable rules, regulations and orders governing weather briefings." (Third-Party

The Court need not address the merits of these arguments.  Cirrus's failure to allege the necessary facts to support an indemnity claim does not defeat jurisdiction.  Kan. Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc., 4 F.3d 614, 620-22 (8th Cir. 1993) (dismissal for failure to state a claim is different from a dismissal for lack of subject matter jurisdiction).  Glorvigen and Gartland essentially contend that Cirrus has failed to state an indemnity claim upon which relief may be granted.  If they are correct, the proper remedy is dismissal on the merits — which can occur only after the Court invokes jurisdiction.

3.   Contribution Claim

Glorvigen and Gartland argue that the Court lacks subject matter jurisdiction over the contribution claim because the claims are contingent on the outcome of the initial action and therefore not ripe for review.  Citing General Electric Co. v. United States, 792 F.2d 107 (8th Cir. 1986), they submit that a contribution claim under the FTCA accrues only upon the date a judgment is paid.  However, General Electric in inapposite, as it merely defines when a contribution claim accrues for statute of limitation purposes.  Id. 109-110.

Minnesota law permits a defendant to implead a third-party defendant for contribution while the underlying tort action is pending.  See Weston v. McWilliams & Assocs., Inc., 716 N.W.2d 634, 640 n.2 (Minn. 2006) ("[T]he rules of civil procedure encourage the joining of third-party defendants at an early stage and thus permit the joinder of third-party claims for contribution and indemnity at the time the third-party plaintiff is initially sued even though

---

Compl. ¶¶ 8, 18.)  According to Cirrus, if it is held liable, it is entitled to indemnity because the negligence imputed to it "will have been caused . . . by the negligence of [the FAA employees]."  (Id. ¶¶ 15-16, 20-21.)

the third-party plaintiff's claims had not matured.") (citation omitted); <u>Grothe v. Shaffer</u>, 232 N.W.2d 227, 232 (Minn. 1975) ("Under Rule 14, it is not necessary to wait until after liability has been fixed to bring an action for contribution.  Rule 14 provides that the issue of contribution may be litigated by a third-party complaint in the original action."); <u>Radmacher v. Cardinal</u>, 117 N.W.2d 738, 740 (Minn. 1962) ("[I]t is no longer necessary to wait until liability has been fixed to bring a separate action, since the issue of contribution can now be litigated by cross-claims or third-party proceedings between persons who are not, but ultimately be, jointly liable.").  Moreover, both federal and state rules of civil procedure allow a third-party plaintiff to implead a person "who is <u>or may be</u> liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14; Minn. R. Civ. P. 14.01 (emphasis added).  The ripeness argument therefore fails.

4.   <u>Timeliness</u>

Glorvigen and Gartland argue that Cirrus violated Minnesota Rule of Civil Procedure 14.01 when filing the Third-Party Complaint.  A defendant may serve a third-party complaint and summons within ninety days after service of the summons upon the defendant, "and thereafter either by written consent of all parties to the action or by leave of court granted on motion." Minn. R. Civ. P. 14.01.

It is undisputed that Cirrus did not serve the Third-Party Complaint within the ninety-day period.  However, in May 2006, the parties stipulated to extend the deadline for the joinder of additional parties to June 1, 2006.  The state court adopted the stipulation in an order. Cirrus filed the Third-Party Complaint on May 10, 2006.  Glorgiven and Gartland

interpret Rule 14.01 to require express authorization to file a third-party complaint and argue that a stipulation to extend a joinder deadline is insufficient.  The Court disagrees.  Through the stipulation and order, Cirrus obtained written authorization to join additional parties by June 1, 2006.  It commenced the third-party action within the extended deadline.  Rule 14.01 does not require further express authorization to file a third-party complaint.  Through the stipulation and order, Cirrus satisfied Rule 14.01.

5.    Severance of Claims

Finally, Glorvigen and Gartland ask the Court to sever and remand the state law claims but retain jurisdiction over the third-party claims.  Both Cirrus and the United States respond that the third-party claims are inextricably intertwined with the initial action.  The Court agrees.  The Complaint and Third-Party Complaint revolve around the same injury and the same interlocking series of events.  Moreover, policy considerations such as judicial economy and comity warrant the disposition of all claims together.  Furthermore, the United States may have a significant stake in this litigation and should be allowed to elicit facts on issues of liability and comparative fault.  See Reimer & Koger Assocs., Inc., 4 F.3d at 620 (noting that "the third-party's interests in removal may be more compelling because its liability is logically dependent on the liability of the defendant in the original action — to fully protect itself the third-party defendant may be called upon to assert defenses on behalf of the defendant").  Finally, Cirrus should not be forced to litigate two separate lawsuits when all issues can be addressed efficiently in one action.  Accordingly, the Court finds that severance of the claims is inappropriate.

**CONCLUSION**

In support of its Motion to Substitute, the United States presented undisputed evidence that Havelka and Hertzog were acting within the scope of their employment as FAA employees when the incident underlying this action occurred. Thus, the United States is the proper Third-Party Defendant in this action. As to the Motions to Remand, the Court refuses to apply the derivative jurisdiction doctrine, finding that the Eighth Circuit's ruling in <u>Fredericks</u> remains good law. The Court also refuses to dismiss the claims on substantive and procedural grounds. Accordingly, **IT IS HEREBY ORDERED** that:

1.   Gartland's Second Motion to Remand to State Court (Docket No. 11) is **DENIED**;

2.   Glorvigen's Motion to Remand and to Dismiss (Docket No. 16) is **DENIED**;

3.   The United States's Motion to Substitute Party (Docket No. 21) is **GRANTED**; and

4.   Guy R. Havelka and John A. Hertzog are **DISMISSED** as parties in this action, and the United States is substituted as Third-Party Defendant.

Dated: October 24, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge